PER CURIAM.
This is an appeal by a child (as authorized by § 39.14 Fla.Stat., F.S.A.) from an order of the juvenile and domestic relations court of Dade County, finding him to be delinquent within the meaning of Chapter 39 Fla.Stat., F.S.A.
By a petition for delinquency it was charged that the appellant child “did, at or near 4601 N.W. 167th Street, Dade County, Florida, on or about January 25, 1972, unlawfully handle [name here omitted] a child under the age of 14 years in a lewd and lascivious manner in violation of Florida Statutes, § 800.04.” The cited statute provides in part: “Any person who shall handle, fondle or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner, * * The matter proceeded to hearing on the petition, upon due notice, no answer being required (§ 39.07 Fla.Stat., F.S.A.).
In the order appealed from, dated February 29, 1972, the court found the child had acted as alleged in the petition, and thereupon adjudged him to be a delinquent child. The judgment made provision for his referral to the Florida Division of Youth Services for a Social Investigation pending the dispositional hearing which was set for a later date. Thereafter an order was entered committing the child to the Division of Youth Services of the State of Florida, with recommendation that the child receive psychotherapy.
At the noticed hearing of the matter in the trial court the attorney for the accused child moved orally to dismiss the petition (§ 39.07 Fla.Stat., F.S.A.), on the ground *702 that the allegations were insufficient to inform him of that of which he was accused and to afford him proper opportunity to defend. The appellant contends denial of the motion to dismiss was error. The question there presented is whether the petition as framed was sufficient, or whether in order to be sufficient it was necessary for the petition to state in detail what the accused child is said to have done to the other child. In other words, it is the contention of the appellant that to be sufficient, the petition must plead the evidence to be presented. We agree with the trial court that the latter is not required, and that the petition sufficiently met the requirements therefor under § 39.05 Fla. Stat, F.S.A. There is no contention here that the child or his counsel were misled as to the occasion or occurrence to which the petition referred. Particulars, if desired, could have been obtained on motion therefor.
Appellant argues further the evidence was insufficient to sustain the judgment of delinquency, that is, that the acts of the accused child which were shown in evidence were not sufficient to constitute the violation or offense charged. We have examined the record and find that contention of the appellant to be without merit. In this proceeding the child was not being prosecuted for a criminal offense. As shown by § 39.10 the decision to be reached by the court on such a petition is not one finding the child to be guilty, or not guilty, of a specific criminal offense, but is an adjudication as to whether the child is a delinquent child based on the petition and the evidence. A judgment of delinquency when so made is not a conviction of a criminal offense, nor does it carry with it any of the civil disabilities ordinarily resulting from such a conviction. §39.10(3).
Here, although the evidence presented in support of the petition was in conflict by virtue of denials by the accused child, examination of the record leads us to conclude, as did the trial judge, that there was ample competent substantial evidence to support the judgment of delinquency. It would serve no useful purpose to review that evidence here.
Having concluded that no reversible error has been demonstrated, we affirm the order or judgment appealed from.
Affirmed.